EX PARTE JAMES DICKSON.

[42 South. Rep., 233.]

CONSTITUTIONAL LAW.   *Constitution* 1890, sec. 88.   *Code* 1892, § 3039.
    *Municipalities.*
    Under Constitution 1890, sec. 88, requiring the legislature to pass
    general laws by which cities and towns may be chartered and
    their charters amended, it is competent for the legislature to
    provide, as was done by Code 1892, § 3039, for an amendment of
    a city charter authorizing a municipal court to be presided over
    by a police justice.

FROM the circuit court of Warren county.

HON. JOHN N. BUSH, Judge.

Application was made by Dickson, the appellant, to the
circuit judge for a writ of *habeas corpus.*  From a judgment
remanding relator to custody he appealed to the supreme court.

Appellant was convicted in the police court of the city of
Vicksburg of having in his possession burglars' tools, in viola-
tion of the ordinance of the city, and was sentenced to pay a
fine of $25.  Not having paid the fine, he was committed to
the city workhouse.  He applied for a writ of *habeas corpus* on
the ground that the justice of the police court had no legal right
to that office under the state constitution; that the amendment
of the city charter, creating the office of police justice, estab-
lished a new court in a method violative of section 172 of the
state constitution, 1890, there being no legislative enactment
establishing the office and court.  The appellant's petition recited
that the city of Vicksburg is governed by a private charter,
granted by the legislature in 1884, providing for a city court,
and prescribing its powers and jurisdiction as being concurrent
with the circuit court of Warren county and with the courts
of justices of the peace as to all offenses against the criminal
or penal laws of the state occurring within the corporate limits

of said city, where the penalty prescribed is a fine of less than $500, or imprisonment in the county jail, or both. Under this charter the mayor, and, in his absence, the president of the board of aldermen, was made the presiding officer of the city court. The amendement which is here attacked was ordained January 16, 1905, and approved by the governor February 11, 1905, under and in accordance with Code 1892, § 3039. The amendment created the office of police justice, provided for his election, and designated him as the presiding officer of the city court. It further provided that in the absence of the police justice the mayor or acting mayor might hold the court.

The contention of the city is that no new court was created by the amendment, but merely a new officer provided and designated to hold a court already in existence.

*H. H. Coleman,* and *McLaurin & Thames,* for appellant.

The appellant, the relator below, claims that he is illegally restrained of his liberty by the action of a court which is illegal and whose judgment and process are a nullity in law. The basis of such claim is that the police court of the city of Vicksburg, which sentenced him, was not established by the state legislature in accordance with section 172 of the state constitution, 1890.

Under section 144 of said state constitution it is provided that "the judicial power of the state shall be vested in the supreme court and such other courts as are provided for in this constitution." Section 172 of the constitution, above referred to, provides that "the legislature shall, from time to time, establish such other inferior courts as may be necessary, and abolish the same whenever deemed expedient." It is thus evident that it is important to determine how the legislature may establish such inferior courts.

The appellant contends that inferior courts must be established by the enactment of a bill which must pass through the various stages required by the state constitution. In other

words, such a court must be established by law, and in this connection it may be pertinent to observe that section 171 of the constitution defines the jurisdiction of justices of the peace, and the legislature has no authority to enlarge or contract the same, save that in cases of petty misdemeanors justices of the peace may be given exclusive jurisdiction. In this last-named section the legislature is required to fix the jurisdiction of any inferior court which may be established under section 172.

No power is given, expressly or impliedly, by which the legislature can fix the jurisdiction of inferior courts except this be done in proper way by law. Sections 59, 60 and 64 of the constitution provide how all laws shall be passed. No law is to be passed except by bill, which bill must be read on three different days in each house, etc., with certain exceptions. No bill shall be a law until it shall have been referred to a committee, and subsequently be approved by the governor.

It is evident that the jurisdiction, powers, etc., of these inferior courts must be provided for by a bill passed in due course as above mentioned.

Now, if the foregoing be true, can it be asserted with any degree of reason that the framers of the constitution intended that inferior courts could be established in any less formal manner than in the method above stated? Can it be claimed that they could be established by a mere amendment to a charter as authorized by section 88 of the constitution, and in the manner provided by Code 1892, § 3039? We cannot think so. When it was provided that inferior courts might be established, it was undoubtedly intended that they should be established by the legislature by laws enacted and approved as set forth in other sections of the organic law.

Section 88 of the constitution, and Code 1892, § 3039, were not intended to alter or change the requirements of law in regard to the establishment of courts. The provisions of Code 1892, § 3039, that such amendment must be consistent with the

constitution and laws of the United States and of the state of Mississippi, makes it clear that nothing of the kind was intended. The authority of the legislature to establish inferior courts is merely a delegated, not an original, authority, and hence inferior courts can be established only in accordance with expressed statutory provisions made in conformity to the constitution.

A charter amendment establishing a city court, made by ordinance and approved by the governor, is so evidently contrary to the constitutional provisions quoted above, that we see no need for argument further.

It must accordingly be held that the police court of Vicksburg was an illegal court, its sentences and process void, and the police judge was neither a magistrate *de facto* nor *de jure*. Hence the appellant is illegally confined.

*George Anderson,* contra.

The amendment of the city charter, creating the office of city police justice, is attacked in this proceeding, as being in violation of section 172 of the state constitution, 1890.

The charter under which Vicksburg is acting is a private charter, approved March 7, 1884. Section 11 of that charter authorized the creation of a city court, and prescribed its jurisdiction. The amendment of the charter did not create a new court. The city court existed before the date of the amendment, as shown by section 11 of the charter. The amendment complained of does not conflict with section 172 of the state constitution, for it merely undertakes to provide a new officer for that court, to be known as a police justice. As the charter existed before the amendment the mayor of the city was authorized to hold court, and in his absence the court could be held by the president of the board of aldermen. There can therefore be no conflict between the amendment and section 172 of the state constitution, even if that section were the only constitutional provision to be considered in this case.

Section 11 of the city's charter provides that the city court shall in its jurisdiction be concurrent with the circuit court of Warren county and with the court of a justice of the peace "as to all offenses against the criminal or penal laws of the state occurring within the corporate limits of said city, where the penalty prescribed is a fine of less than $500, or imprisonment in the county jail, or both."

The amendment referred to (a subsequent amendment having also been made December 7, 1905) simply enlarges the powers of the city court. The last amendment of December 7, 1905, is of somewhat questionable legality as to the provision therein making the police justice an *ex officio* justice of the peace. But this, however, does not militate against the provisions of the first amendment creating the office of the police justice and providing that he, instead of the mayor or president of the board of aldermen, shall hold the city court.

In this connection it will be observed that in the absence of the police justice the mayor or the acting mayor may still hold court as before, thereby showing clearly that there was no effort or intention, in passing this amendment, to create a new court, but simply to provide a new officer for the holding of the court.

But, aside from the above, attention is called to the fact that section 88 of the state constitution, Code 1892, § 3039, provides that the legislature shall pass general laws under which cities and towns may be chartered, and further provides for the establishment of a city court such as the one here considered. A city court is absolutely necessary for the proper government of any city, and in every charter for a city a municipal court must be provided. The constitutional convention had this in mind when section 88 of the constitution was formulated, and in pursuance of the language of this constitutional provision the legislature enacted Code 1892, § 3039, which this court, in the case of *Yazoo City* v. *Lightcap,* 82

Miss., 149 (s.c., 33 South. Rep., 949), pronounced constitutional.

Invoking, therefore, the well-rocognized rule that all sections of the constitution bearing upon any particular subject must be construed together and as far as possible made to harmonize, it seems apparent that the contention of opposing counsel cannot be sustained. We must consider not only section 172 of the constitution, but also section 88 thereof, and when we consider the two sections together, it follows as a natural deduction that this case must be affirmed. For it is apparent that section 172 of the constitution was never intended to refer to or embrace any particular municipal court.

Even if the contention of opposing counsel be to any extent correct, the court will bear in mind that the creation of the office of police justice and the making of him an *ex officio* justice of the peace may be considered as two different things; and if the court should hold that the vesting of the police justice with the powers of a justice of the peace be unconstitutional, such provision can be easily separated from the other provisions touching his jurisdiction; so that the whole act or amendment need not be declared unconstitutional. The only thing we here insist upon is that the municipal court, established for municipal purposes, in Vicksburg, and presided over by the police justice, shall be preserved intact, regardless of whether the police justice be or be not considered to be legally an *ex officio* justice of the peace.

It is submitted, in conclusion, first, that section 172 of the constitution does not in any manner conflict with the right to designate the officer who presides in the municipal court as a police justice, inasmuch as no inferior court was attempted in any manner to be created by the amendment; and, secondly, under section 88 of the constitution, followed by Code 1892, § 3039, a municipal court was authorized to be created as a necessary and essential part of every municipal charter, and if

Vicksburg had attempted, in the first instance, under such section, to establish a municipal court it would have been perfectly constitutional for it to have done so.

WHITFIELD, C. J., delivered the opinion of the court.

The learned counsel for relator have made a very ingenious argument, but one that cannot be maintained. The contention was perfectly covered by the reasoning in the case of *Yazoo City ,v. Lightcap*, 82 Miss., 149 (s.c., 33 South. Rep., 949), which demonstrates the constitutionality of the amendment of the charter of the city of Vicksburg, made on 17th day of February, 1904, in accordance with Code 1892, § 3039.

*Affirmed.*